FELIX E. D. HARRIS *et al.*, appellants, *v.* WILLIAM REECE *et al.*, appellees.

*Appeal from Madison.*

In a bill in Chancery for an injunction and to correct certain alleged mistakes in deeds, the complainants claimed to be heirs at law of a person deceased, and the answer denied the allegation. There was no proof to sustain the allegation: *Held*, that they were not entitled to relief.

The fact that a bill in Chancery dispenses with the oath of the defendant to his answer, does not relieve the complainant from sustaining such allegations of his bill as are put in issue by the answer. The answer, in such case, only ceases to be evidence for the defendants.

BILL IN CHANCERY, for an injunction, &c. brought by the appellees against the appellants, and heard before the Hon.

Gustavus P. Koerner, at the August term, 1848, of the Madison Circuit Court.   A decree was rendered in favor of the complainants, granting a perpetual injunction, &c.

The complainants claimed to be the heirs at law of Thomas Botkin, deceased, which was denied by the defendants in their answer, the oath to which was dispensed with.   No evidence was introduced to sustain the allegation.

The cause was submitted in this Court upon brief and written arguments.

*G. Trumbull,* for the appellants, contended that it was erroneous to render the decree without proof of the heirship of the complainants, and cited *De Wolf* v. *Long,* 2 Gilm. 682, in support of the position.

*J. Gillespie,* for the appellees, in reply, insisted that under the pleadings in the case strict proof of the heirship was not required on the part of the complainants.

The Opinion of the Court was delivered by

TREAT, C. J.*   We encounter a fatal objection to this decree at the very threshold of the case.   The right of the complainants to invoke the interference of a Court of Equity depends on the truth of the allegations in the bill, that they are the heirs at law of Thomas Botkin deceased.   This averment is denied by the answer.   There is not a particle of proof to sustain it.   Any further investigation of the case would be profitless.   It will be in time to do that when the complainants show a right to demand it.   The fact that the bill dispenses with the oaths of the defendants to their answers does not relieve the complainants.   It was still incumbent on them to sustain by proof the allegations of the bill put in issue by the answer.   The answer in such case only ceases to be evidence for the defendants.   It still puts in issue the averments of the bill, and throws on the complainants the burthen of proving them to be true.   The only dif-

---

*TRUMBULL, J. having been of counsel in the Court below, took no part in the decision.

'ference is as to the amount of proof necessary to do this. The same amount of evidence, which would sustain the material averments of a declaration when denied by a plea, would be sufficient.

The decree of the Circuit Court is reversed with costs, and the complainants' bill is dismissed, but without prejudice.

*Decree reversed.*